# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2613 | **DATE** | 10/15/2001 |
| **CASE TITLE** | Jerome E. Hellmann vs. Econovo Ltd. etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For present purposes we need not sort all of them out because the pending motion is by one defendant to dismiss. That defendant is Venturion Capital f/k/a Argonaut Private Equity Management, LLC(Venturion-Argonaut). Accordingly, we deny the motion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 16 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 22 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | 01 OCT 15 AM 11: 10 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JEROME E. HELLMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01 C 2613 |
| | ) | |
| ECONOVO LTD. & TRADE TRUST | ) | |
| LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED OCT 16 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued a number of companies or entities for breach of an employment contract. The defendants are all related to each other to some extent and the names of some have changed, so keeping track of who is who is somewhat challenging. For present purposes we need not sort all of them out because the pending motion is by one defendant to dismiss. That defendant is Venturion Capital f/k/a/ Argonaut Private Equity Management, LLC (Venturion-Argonaut).

The basis of Venturion-Argonaut's motion is that it had no written employment agreement with plaintiff and, indeed, no agreement of any kind. It contends that plaintiff's claim violates the Illinois Statute of Frauds – it was not a party to the written contract upon which plaintiff relies, and there is no basis for piercing the corporate veil. We conclude, however, that there are grounds, at the pleading stage, to plead that plaintiff's contract bound Venturion-Argonaut. Accordingly, we deny the motion.

From the written contract attached to the complaint it appears that plaintiff was to be employed as the Chief Development Officer of Global Financial Trade Services (GFTS), an entity newly formed by Global Fiduciary Trade Services, Ltd. (Ltd.) and Venturion-

Argonaut. It is executed by plaintiff and by John Burns as Chief Executive Officer, apparently of GFTS. From that, Venturion-Argonaut argues that the contract was clearly between plaintiff and GFTS, and not anyone else, for employment by GFTS.

But that is not the whole story The contract, on the joint letterhead of Ltd. and Venturion-Argonaut, begins with this sentence:

> I am extending a consulting contract and/or offer of employment to you from Global Fiduciary Trade Services, Ltd. and Argonaut Private Equity Management LLC to join its newly formed entity, Global Fiduciary Trade Services ("GFTS") as its Chief Development Officer ("CDO").

Further, in the event GFTS closed within one year, he would be assigned "to one or the other of the Argonaut portfolio of projects for the remainder of the year." That smacks of a promise by Venturion-Argonaut. Finally, there is nothing on the face of the contract that indicates that John Burns lacked the authority to extend an offer of employment from the two entities. There is, as well, nothing that prevents one entity from contracting for services to be performed for another.

Venturion-Argonaut relies heavily upon Susmano v. Associated Internists of Chicago, Ltd., 52 Ill.Dec. 670, 422 N.E.2d 879 (Ill.App. 1 Dist. 1981), but that case does not carry the day. It was there determined, on summary judgment after discovery, that plaintiff had two separate contracts, one with a hospital and another with a physicians' group, and the hospital was not a party to the physicians' contract. Here there is, apparently, but one contract, and plaintiff is entitled to seek to prove that Venturion-Argonaut was a party to it.

*[signature: James B. Moran]*
JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 15, 2001.